UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN HAWKINS,

          Petitioner,

v.                                                Case No. 3:19-cv-1262-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

          Respondents.
_____

**ORDER OF DISMISSAL WITH PREJUDICE**

**I.    Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on October 23, 2019 (mailbox rule). Petitioner filed an Amended Petition on January 2, 2020 (Doc. 11). He challenges a state court (Duval County, Florida) judgment of conviction for armed robbery for which he is serving a twenty-year term of incarceration. Respondents filed a Motion to Dismiss (Doc. 18; Motion) with exhibits (Docs. 18-1 to 18-6; Ex.), arguing that this case is untimely filed and should be dismissed with prejudice.

Petitioner filed a Reply (Doc. 21) and an Affidavit of another inmate (Doc. 22). This case is ripe for review.[1]

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**III. Analysis**

Following a jury trial, the state court entered judgment against Petitioner on December 29, 2014. Ex. A at 56-62. Petitioner appealed. While Petitioner's direct appeal was pending, on March 10, 2016, the circuit court granted Petitioner's motion to correct sentencing error and directed the clerk to strike the $100 Sheriff's Office Investigative Cost and re-record the judgment. Ex. F at 26-28. The judgment was re-recorded on March 16, 2016, nunc pro tunc to December 29, 2014. See id. at 12-18. On September 8, 2016, the First District Court of Appeal issued a per curiam written opinion affirming Petitioner's conviction and sentence but remanding the matter for entry of a corrected

3

judgment striking the $100 Sheriff's Investigatory fee. Ex. K. In its opinion, the First DCA recognized that the circuit court had already done so, but found that because "the order and amended judgment and sentence were filed more than sixty days from the date [Petitioner] filed his motion[,] . . . the order and corrected judgment and sentence [were] legal nullities." Id. Thus, on remand, on October 4, 2016, the circuit court entered another order directing the clerk to strike the Sheriff's Office Investigative Cost and re-record the judgment and sentence. Ex. G at 4-5. It does not appear that the clerk ever re-recorded the judgment after the October 4, 2016 order. Regardless, the re-recorded judgment simply corrected a ministerial error; it did not authorize Petitioner's confinement or vacate and replace his sentence. See Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1326-27 (11th Cir. 2017) (recognizing that "not all changes to a sentence create a new judgment" and "[t]he relevant question is not the magnitude of the change, but the issuance of a new judgment authorizing the petitioner's confinement); see also Booth v. Sec'y, Fla. Dep't of Corr., 729 F. App'x 861, 862-63 (11th Cir. 2018). Petitioner is still in custody pursuant to the original judgment. Thus, the orders correcting his judgment do not affect the calculation of his one-year limitations period.

Giving Petitioner the most lenient calculation possible (as Respondents do in the Motion), his judgment and sentence became final on December 7, 2016, which is 90 days after the First DCA's per curiam opinion. See Clay v. United

States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3[2])). After December 7, 2016, Petitioner's federal one-year limitations period ran for 145 days until it was tolled on May 2, 2017, by the filing of Petitioner's pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Ex. L at 1-19. He also filed a motion to correct illegal sentence under Rule 3.800(a) on May 8, 2017. Id. at 20-31. The circuit court denied both motions on May 22, 2017. Id. at 32-33, 34-35. Petitioner appealed the denial of his Rule 3.850 motion, and the First DCA per curiam affirmed the denial without a written opinion and issued the mandate on November 7, 2017. Ex. O. The next day, November 8, 2017, Petitioner's one-year limitations period continued to run for 71 days until he filed his second pro se Rule 3.850 motion on January 18, 2018 (mailbox rule). Ex. P. The circuit court granted Petitioner's motion for voluntary dismissal on May 16, 2018. Exs. Q, R. In the meantime, Petitioner had filed a pro se petition for writ of habeas corpus with the First DCA on May

---

[2] See Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

14, 2018, alleging ineffective assistance of appellate counsel. Ex. S. On November 15, 2018, the First DCA per curiam denied the petition on the merits and denied Petitioner's motion for rehearing on January 2, 2019. Exs. T, U.[3] On January 3, 2019, Petitioner's one-year limitations period resumed and ran for an additional 149 days before it expired on June 3, 2019.[4] Petitioner did not file this case until October 23, 2019. Thus, his Petition is untimely filed even under the most lenient calculation.

Petitioner seems to recognize that his Petition is untimely, but he argues that during the time of his trial, there was massive corruption in the Duval County legal system and he did not receive a fair trial. Doc. 21 at 2. He also argues he has "good reason" for his late filing because "a big shake down/drug raid occurred in his dorm" at Okeechobee Work Camp, and all of his "discovery paperwork was destroyed." Id. at 3; see Doc. 22 (Affidavit of inmate Jason McCormick, describing the shakedown at Okeechobee in which Petitioner's legal documents were "scattered all over the dorm, from the day room to the

---

[3] In January and March 2019, Petitioner filed other state court postconviction motions which were dismissed as untimely. See Exs. V, W, X at 1-35. These motions had no effect on his one-year limitations period because they were not properly filed. See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (holding that a state postconviction motion that is rejected by the state court as untimely filed is not "properly filed" for purposes of § 2244(d)(2)); Hernandez-Alberto v. Sec'y, Fla. Dep't of Corr., 840 F.3d 1360, 1366 (11th Cir. 2016) ("The key takeaway from Pace is that an untimely application was not, and could not ever have been considered, properly filed.").

[4] The 365th day fell on Saturday, June 1, 2019. Thus, the Court uses the following Monday as the actual expiration date.

bathroom, wet and torn apart, mixed up with other inmate's paperwork"). Petitioner contends that "he did not have the money to purchase a new discovery exhibit and new trial transcripts," nor did he "have competent legal assistance to include all the grounds that were included in the habeas petition." Doc. 21 at 3.[5]

"The United States Supreme Court has held that AEDPA's statutory limitations period may be tolled for equitable reasons." Thomas v. Att'y Gen., 992 F.3d 1162, 1179 (11th Cir. 2021). However, "equitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). To warrant the application of this extreme remedy, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Fla., 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). "The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1158 (11th Cir. 2014) (citation omitted); see Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a

---

[5] Petitioner seems to conflate timeliness and exhaustion. See Doc. 21 at 3-7. The Motion focuses solely on timeliness, so the Court's analysis does as well.

strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)).

The fact that Petitioner alleges his trial was unfair has no bearing on whether he is entitled to equitable tolling. And the fact that there was a prison shake down on some unspecified date during which Petitioner lost his legal paperwork does not amount to an extraordinary circumstance. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) ("[L]ockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."); see also Henriquez-Hernandez v. Sec'y, Dep't of Corr., No. 8:19-cv-2940-WFJ-MRM, 2022 WL 3018267, at *3 (M.D. Fla. July 29, 2022) (finding that the petitioner's "allegation that he was without his records for an unspecified period is insufficient to warrant equitable tolling"). Petitioner does not address any actions he took to diligently pursue his rights during the relevant timeframe. Indeed, Petitioner has failed to demonstrate that his untimely filing was due to extraordinary circumstances beyond his control and unavoidable even with due diligence. Thus, upon consideration of Petitioner's arguments and the record, the Court finds that he is not entitled to equitable tolling.

Additionally, Petitioner's reliance on Martinez v. Ryan, 566 U.S. 1 (2012), and argument that he lacked competent postconviction counsel do not save his Petition from being untimely. Martinez did not discuss the one-year limitations

8

period or provide a basis for the tolling of that period. See Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir. 2014) (recognizing that "[a]t no point in Martinez or Trevino[6] did the Supreme Court mention the 'statute of limitations,' AEDPA's limitations period, or tolling in any way" and holding "that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period"); see also Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262 (11th Cir. 2014) (recognizing that a petitioner "cannot seek equitable tolling of the limitations period based on Martinez because we have rejected the notion that anything in Martinez provides a basis for equitably tolling the filing deadline" (internal quotations and citations omitted)). Petitioner's reliance on Martinez is misplaced.

Finally, Petitioner does not make any showing of actual innocence.[7] See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). Thus, there is no basis to excuse his untimeliness on that basis.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely.

---

[6] Trevino v. Thaler, 569 U.S. 413, 416 (2013).

[7] A review of the trial transcript reflects sufficient evidence of Petitioner's guilt. See Ex. C.

9

2. If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[8]

3. The **Clerk** shall enter judgment dismissing this case with prejudice as untimely, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of November, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 11/23
c:
Stephen Hawkins, #J54292
Counsel of Record

---

[8] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

10